# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| DWAYNE A. SIMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05-CV-45-LMB |
| | ) | |
| CHUCK DWYER, DONNA | ) | |
| PETERS and KURT DALTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Dwayne A. Simpson (registration no. 1026134  ), an inmate at the Jefferson City Correctional Center (JCCC), for leave to commence this action without payment of the required filing fee [Doc. #2].  For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.77.  *See* 28 U.S.C. § 1915(b)(1).  Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period.  *See* 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-months' period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $8.84 and an average monthly account balance of $3.37. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.77, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### The complaint

Plaintiff seeks monetary relief and Defendants' termination from employment, pursuant to 42 U.S.C. § 1983, for alleged violations of his constitutional rights. Named as defendants are Chuck Dwyer, Donna Peters and Kurt Dalton.

Although the Court construes the complaint liberally, plaintiff still must allege sufficient facts to support the claims advanced. Plaintiff claims that, while he was restrained, he was assaulted by inmate Justin Jones. Plaintiff asserts that Defendant Dwyer failed to develop adequate protection policies; Defendant Peters failed to secure the area of the incident; and Defendant Dalton failed to protect Plaintiff from the assault. Plaintiff has attached a copy of the Southeast Correctional Center Appeal Response evidencing that he has exhausted his administrative remedies.

### Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To state an Eighth Amendment failure-to-protect claim, plaintiff must allege that there was an excessive risk to his safety which was obvious or known to defendants and that the defendants recklessly disregarded the risk. *See Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998). In the instant case, plaintiff's allegation that he was assaulted by another inmate does not - by itself - state a claim that the defendants have "recklessly disregarded" plaintiff's safety.

Plaintiff does not dispute the findings of Steve Long, Assistant Division Director, Division of Adult Institutions, who stated that the staff had restrained all offenders who were in the area at that time and that the staff had no indication that plaintiff and Jones were enemies. Mr. Long

stated that if the staff had known that plaintiff and Jones were enemies, they would not have been allowed to be in the same area at the same time. Mr. Long further stated that plaintiff was seen in the medical unit after the assault and had no injuries or complaints. There is no indication that the defendants have acted with reckless disregard for plaintiff's safety in allowing him and Jones to be in the same area at the same time when they were unaware that he and Jones were enemies. Therefore, the instant complaint should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.77 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 20th day of June, 2005.

_____
**UNITED STATES DISTRICT JUDGE**